UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

R.G., individually and on behalf of E.G., a child with a disability,

    *Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

    *Defendant.*

COMPLAINT

Case No.

---

R.G., individually and on behalf of E.G., a child with a disability, by and through his attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiffs R.G. and E.G. reside in the County of Richmond, State of New York.

3. E.G. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

4. R.G. is the parent of E.G. as defined by IDEA 20 U.S.C. § 1401(23).

5. Defendant New York City Department of Education (Department) is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with

original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. E.G. was born in 2011.

9. E.G. was classified as a student with autism by Defendant's Committee on Special Education.

10. By due process complaint (DPC) to the Defendant dated September 18, 2018, Plaintiff requested a due process hearing regarding deprivation of educational services by Defendant to E.G.

11. The matter was assigned case number 177937.

12. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant was in violation of its obligations to E.G. during the 2018-2019 school year due to its failure to implement E.G.'s Individualized Education Services Plan.

13. As relief, Plaintiff's DPC requested compensatory services to remedy Defendant's failure to implement E.G.'s Individualized Education Services Program.

14. Defendant appointed Michael Lazan as impartial hearing officer (IHO).

15. On October 19, 2018, IHO Lazan held a pre-hearing conference, which was attended by

Plaintiff's counsel, but not attended by Defendant's counsel or representative.

16. Thereafter, IHO Lazan recused from the case and Defendant appointed John Farago as IHO.

17. On January 3, 2019, IHO Farago held a pendency hearing, during which, Plaintiff's counsel submitted one (1) exhibit into the record.

18. On January 5, 2019, IHO Farago issued an order on pendency, finding that E.G.'s baseline program for pendency purposes consisted of special education teacher support services (5 times per week), counseling (2 times per week), occupational therapy (2 times per week), speech-language therapy (3 times per week), and parent counseling and training (2 times per year).

19. On May 9, 2019, Plaintiff's counsel filed a second DPC and requested that the second DPC be consolidated with case number 177937.

20. Plaintiff's second DPC demanded, *inter alia,* a finding that Defendant did not provide E.G. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2018-2019 school year.

21. As relief, Plaintiff's second DPC sought funding by Defendant for E.G.'s placement at Staten Island Academy.

22. On May 24, 2019, IHO Farago held a status conference via telephone to discuss the second DPC and consolidation of the second DPC with the initial DPC.

23. Ultimately, on May 28, 2019, IHO Farago issued an order of consolidation, which consolidated the two DPCs filed on behalf of the Plaintiff, and thereafter, both DPCs proceeded under case number 177937.

24. On December 1, 2019, Plaintiff's counsel filed an amended due process complaint, seeking additional relief in the form of reimbursement to Plaintiff for any special education services not

provided by Defendant that had been paid for by Plaintiff during the 2018-2019 school year.

25. On April 27, 2020, a status conference was held by IHO Farago.

26. On May 15, 2020, the hearing on the merits commenced, at which time, Plaintiff submitted thirteen (13) exhibits into the record, including one (1) affidavit in lieu of direct testimony in support of the hours of compensatory relief sought by Plaintiff, and Defendant submitted sixteen (16) exhibits into the record in defense of the claims raised in Plaintiff's Amended DPC.

27. At the May 15, 2020, hearing, Defendant's representative for the first time, despite submitting evidence into the record in defense of the action, indicated that E.G. was entitled to compensatory educational services for the 2018-2019 school year.

28. On May 15, 2020, IHO Farago issued a Findings of Fact and Decision (FOFD) finding that Defendant failed to implement his pendency order, and that E.G. was entitled to compensatory educational services.

29. Particularly, IHO Farago ordered Defendant to create a bank of services for E.G., which was to include 48 hours of speech-language therapy, 36 hours of occupational therapy, and 300 hours of special education teacher support services, and further ordered the Defendant to reimburse Plaintiff in the amount of $3,920.00 for money expended by Plaintiff in funding special education teacher support services for E.G. during the 2018-2019 school year.

30. On July 29, 2021, Plaintiff, through his counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

31. On July 29, 2021, Defendant acknowledged the above fee demand and advised Plaintiff's counsel that Armelle Hillman had been assigned to the fee claim.

32. As of the date of this Complaint, Plaintiff's counsel has received no further communication from Defendant's counsel regarding the fee demand.

## FIRST CAUSE OF ACTION

33. Plaintiffs repeat and reallege paragraphs 1 through 32 as if more fully set forth herein.

34. Plaintiff R.G. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

35. Plaintiff R.G. initiated an impartial hearing on behalf of his son E.G. under case number 177937.

36. Plaintiff R.G. prevailed at the impartial hearing by obtaining a decision and order from IHO Farago ordering the relief sought by Plaintiff in his Amended DPC.

37. On July 29, 2021, Plaintiff, through his counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

38. As of the date of this complaint, Defendant has failed to communicate or otherwise engage in discussions with Plaintiff's counsel regarding the demand for attorneys' fees.

39. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks post-judgment interest to deter any further delay of payment by Defendant following any judgment.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 177937 pursuant to 20 U.S.C. § 1415; together with post-judgment interest thereupon;

(3) Award to the Plaintiff the costs, expenses and attorneys' fees for this action pursuant to 20 U.S.C. § 1415; together with post-judgment interest thereupon;

(4) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
      March 11, 2022               Respectfully submitted,

                                                                  s/ Kevin M. Mendillo
                                                                  CUDDY LAW FIRM, PLLC
                                                                  Kevin M. Mendillo, Esq.
                                                                  *Attorneys for Plaintiffs*
                                                                  5693 South Street Road
                                                                  Auburn, New York 13021
                                                                  (315) 370-4020